Michael F. Thomson (#9707)
Peggy Hunt (#6060)
Nathan S. Seim (# 12654)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: thomson.michael@dorsey.com
        hunt.peggy@dorsey.com
        seim.nathan@dorsey.com

*Attorneys for Michael F. Thomson, Chapter 7 Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| In re:<br><br>ICON CONSULTING GROUP<br>DEMOLITION SERVICES, LLC,<br><br>Debtor. | Bankr. Case No. 17-22991<br><br>Chapter 7<br><br>The Honorable R. Kimball Mosier |
|---|---|

# MOTION TO APPROVE PROCEDURES FOR AND AUTHORIZING THE AUCTION OF PERSONAL PROPERTY OUT OF THE ORDINARY COURSE AND FREE AND CLEAR OF ALL INTERESTS PURSUANT TO 11 U.S.C. § 363

Michael F. Thomson, the duly appointed, qualified and acting Chapter 7 trustee (the "Trustee") for the estate of Icon Consulting Group Demolition Services, LLC (the "Debtor"), moves this Court for entry of an Order approving procedures related to and authorizing the auction of certain personal property free and clear of all interests pursuant to 11 U.S.C. § 363 (b), (f) and (m), Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 6005-1.  In support hereof, the Trustee states as follows:

4817-4364-5513\1

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1391, 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

*General*

2. On April 11, 2017, the Debtor filed a voluntary petition in this Court under Chapter 7 of the Bankruptcy Code.

3. On May 9, 2017, the Trustee was appointed as the permanent Chapter 7 Trustee in the above-captioned case.

*Identification of Property to be Sold at Auction*

4. The following items of personal property are property of the Debtor's bankruptcy estate:

- 2002 Kenworth W900 Diesel Truck, VIN# 1NKWGGGG30J886910
- 1987 Kenworth T60 Diesel Truck, VIN# 1XKADB9X6HS342271
- 1995 Dynaweld Flat Bed Trailer, VIN# 19K81AFX9S1X32343
- 1977 Hobbs End Trailer, VIN# FHX679202
- Daewoo 1760 XL Skid-Steer Loader

(collectively, the "Property").

5. There are no known liens on the Property.

*Proposed Auction of the Property and Employment of Statewide*

6. The Trustee proposes that an auction of the Property be conducted by the Trustee's auctioneer, Statewide Auction Co. ("Statewide"), at 155 North 1000 West, Salt Lake

4817-4364-5513\1

City, UT 84116, on the next available auction date to be determined by the Trustee's auctioneer, after Court approval of the auction.

7. The Trustee believes that selling the Property by Statewide at a public auction is the best way to (a) market the Property; (b) produce a good faith purchaser; (c) realize proceeds for the estate in a timely manner; and (d) minimize costs to the estate.

8. Statewide is appointed by the Court as a standing auctioneer under Federal Rule of Bankruptcy Procedure 6005 and Local Rule 6005-1.  Therefore, Statewide is an experienced, active and licensed auctioneering firm that maintains appropriate insurance policies and has posted a bond with the Office of the United States Trustee.

### *Terms and Conditions of Trustee's Auction*

9. The Property is auctioned as is, where is, and with no warranties or guarantees of any kind.

10. All other terms and conditions of the auction are set forth on the back of the bidder card each bidder will receive at the time of the auction.

### *Advertisement*

11. Before the auction is held, the Trustee's auctioneer will advertise this auction to parties it believes are prospective purchasers of the Property.

### *Intended Distribution of Auction Proceeds*

12. From the auction proceeds, the Trustee will first pay Statewide a commission of 15% of the gross sales price from the auction of the Property, $1,742.76 for expenses incurred by Statewide for procurement and repair of the Property, and up to $100.00 for additional related expenses.

13. The remaining auction proceeds will be held by the Trustee pending further order of the Court.

**RELIEF REQUESTED**

14. By this Motion, the Trustee proposes to sell the Property free and clear of all interests pursuant to 11 U.S.C. § 363, with any interest that may be asserted in the Property, if any, attaching to the proceeds of the sale of the Property, after the deduction of Statewide's commission and expenses, and any other costs or expenses that the estate will incur in relation to the Property and the sale thereof (the "Net Sale Proceeds").

**ARGUMENT**

*The Trustee Has Established Grounds for Authorization of the Sale
of the Property Out of the Ordinary Course of Business*

15. The Bankruptcy Code provides that the "trustee, after notice and a hearing, may use, sell, lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

16. In order to approve a sale of a trustee's assets outside the ordinary course of business, the trustee must show that:

    a. a sound business reason exists for the sale;

    b. there has been adequate and reasonable notice to interested parties, including full disclosure of the sale terms and the Debtor's relationship with the buyer;

    c. the sale price is fair and reasonable; and

    d. the proposed buyer is proceeding in good faith.[1]

---

[1] *See In re Med. Software Solutions*, 286 B.R. 431, 439–40 (Bankr. D. Utah 2002).

4817-4364-5513\1

17. The Trustee has met all four parts of this test, and accordingly, he respectfully requests that the Court grant the relief requested in this Motion, thereby authorizing the proposed public sale of the Property free and clear of interests.

*Sound Business Purpose*

18. Courts show great deference to a trustee's decisions. *See Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981). Additionally, a "presumption of reasonableness" attaches to the decisions of those controlling a Debtor. *In re John-Mansville Corp.*, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986).

19. The Trustee submits that the proposed sale of the Property pursuant to the above terms and procedures is based on sound business judgment, and the Trustee has made an independent and informed decision based on his knowledge of the Property that the proposed sale terms and procedures are the best way to maximize the Property's value for the benefit of the Debtor's creditors, produce a good faith sale of the Property, and minimize further costs to the bankruptcy estate.

20. The Trustee has made an informed decision based on his experience that a public sale of the Property is the best way to economically market and sell the Property so as to maximize its value for the benefit of creditors and the estate, while at the same time reducing costs that would be associated with storing and protecting the Property and selling the Property through private sales.

21. The Trustee has made a decision to sell the Property at public sale based on his sound business judgment. Accordingly, the Motion should be granted and the sale free and clear of interests conducted in accordance with the sale procedures should be authorized.

4817-4364-5513\1

*Notice of the Proposed Sale Is Appropriate*

22.     Adequate and reasonable notice of the proposed public sale of the Property, including full disclosure of the material terms of the sale, has been or will be made to all interested parties.[2]

23.     As stated above, the Trustee is not aware of any party that claims an interest in the Property.

24.     Additionally, upon the filing of this Motion, a Notice of Motion and Notice of Opportunity for Hearing will be served upon (a) all creditors and parties-in-interest; (b) all parties who have requested notice in this case; and (c) the Office of the United States Trustee. The Notice of Hearing will provide, among other things, notice of the deadline for filing objections to this Motion and opportunity for the hearing on this Motion, a general description of the Property, and the material terms of the proposed public sale.  Furthermore, once approved, the public auction to be held by Statewide will be fully and appropriately marketed as set forth above.  These notice procedures are fair, reasonable, and afford notice as required under 11 U.S.C. § 363 and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

*Fair and Reasonable Price*

25.     The public auction will be held after full marketing of the Property and advertising of the auction.  As such, the public auction should stimulate interest in the Property and will create a competitive bidding process that guarantees the Property is sold by a disinterested party to the highest and best bidder.  The above process ensures that the estate will obtain a fair and reasonable purchase price for the Property.

---

[2] The Debtor's relationship with the buyer is not relevant in this case.  The sale will be conducted by a disinterested third party employed by the Trustee with the approval of the Court.

*Good Faith Purchaser*

26. The last prong of the four-part test has been met in this case because, by an auction of the Property at a public sale, the Property will be purchased by a good faith purchaser.

27. Although the Bankruptcy Code does not define "good faith," the Tenth Circuit has determined in the context of 11 U.S.C. § 363(m) that a "good faith" purchaser is "one that buys in good faith, and for value." *Tompkins v. Frey (In re Bel Air Assocs., Ltd.)*, 706 F.2d 301, 304 (10th Cir. 1983). Actions that destroy a purchaser's good faith include "fraud, collusion between the purchaser and other bidders or trustee, or an attempt to take grossly unfair advantage of other bidders." *Id.* at 305 n.11 (citation omitted); *see also In re Lotspeich*, 328 B.R. 209 (10th Cir. BAP 2005).

28. Here, the Trustee has engaged Statewide, a disinterested and Court-approved standing auctioneering firm, to sell the Property at public sale. The auction process will solicit open, competitive bidding after full notice, and Statewide will be required to provide an accounting to the Trustee and the Office of the United States Trustee. These procedures will be sure to produce good faith purchasers that will purchase the Property for a fair and reasonable value.

*A Sale of the Property Free and Clear Pursuant to Section 363(f) Is Appropriate*

29. 11 U.S.C. § 363(f) states that a trustee may sell estate property free and clear of interests, if:

    a. applicable non-bankruptcy law permits the sale of such property free and clear of such interest;

    b. such entity consents;

    c.    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    d.    such interest is in bona fide dispute; or

    e.    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

30. Because Section 363(f) is in the disjunctive, the satisfaction of any one of the alternative requirements enumerated therein will warrant the Trustee's proposed sale of the Property free and clear of any and all interests. Thus, although the Trustee is not aware of any party that claims an interest in the Property, to the extent any party does assert an interest in the Property, satisfaction of any of the foregoing statutory requirements will warrant the Trustee's sale of the Property free and clear of those interests. The Trustee reserves all rights to respond to interests, if any, asserted in response to this Motion against the Property, and in so doing, the Trustee reserves any and all claims and defenses that the Trustee, the Debtor, or the estate possess with respect to the Property.

31. The Trustee submits that any interest that may be asserted in conjunction with this Motion or the Property is disputed and/or adequately protected by the proposed public sale inasmuch as such interests will attach to the Net Sale Proceeds.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter an Order granting this Motion and approving the auction of the Property as a sale free and clear of any interests in the Property pursuant to 11 U.S.C. §§ 363(b) and (f), with any interest that might be asserted in the Property attaching to the Net Sale Proceeds, subject to any claims and defenses that the Trustee or Debtor possess with respect thereto. Furthermore, the Trustee requests that the 14-day

4817-4364-5513\1

stay imposed by Federal Rule of Bankruptcy Procedure 6004(h) be waived, so that Statewide may auction the Property at the earliest opportunity. The Trustee also requests such other and further relief as is just and proper.

Dated this 26th day of May, 2017.

                                               */s/ Michael F. Thomson*
                                               Michael F. Thomson
                                               Peggy Hunt
                                               Nathan S. Seim
                                               DORSEY & WHITNEY LLP
                                               *Attorneys for Trustee*

**CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)**

   I hereby certify that on this 26th day of May, 2017, I electronically filed the foregoing **MOTION TO APPROVE PROCEDURES FOR AND AUTHORIZING THE AUCTION OF PERSONAL PROPERTY OUT OF THE ORDINARY COURSE AND FREE AND CLEAR OF ALL INTERESTS PURSUANT TO 11 U.S.C. § 363** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF uses and will be served through the CM/ECF system.

- Robert A. Eder rob@ederlaw.net, mindy@ederlaw.net;rob@ecf.inforuptcy.com;autumn@ederlaw.net;ecf@ederlaw.net
- Michael F. Thomson thomson.michael@dorsey.com, montoya.michelle@dorsey.com;ventrello.ashley@dorsey.com
- Michael F. Thomson tr thomson.michael@dorsey.com, UT17@ecfcbis.com;montoya.michelle@dorsey.com
- United States Trustee USTPRegion19.SK.ECF@usdoj.gov

**CERTIFICATE OF SERVICE – MAIL, OTHER**

   I hereby certify that on this 26th day of May, 2017, I caused to be served a true and correct copy of the foregoing **MOTION TO APPROVE PROCEDURES FOR AND AUTHORIZING THE AUCTION OF PERSONAL PROPERTY OUT OF THE ORDINARY COURSE AND FREE AND CLEAR OF ALL INTERESTS PURSUANT TO 11 U.S.C. § 363** as follows:

**Mail Service – By regular first class United States Mail, postage fully pre-paid, addressed to:**

  Statewide Auction Company
  155 North 1000 West
  Salt Lake City, UT 84116


                */ s / Michelle Montoya*